J-A03023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| TERRENCE E. BABB, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GEISINGER CLINIC; PENN STATE GEISINGER HEALTH SYSTEM | |
| Appellee | No. 981 MDA 2014 |

Appeal from the Order Entered February 24, 2014
In the Court of Common Pleas of Centre County
Civil Division at No(s): 98-1195

BEFORE:  MUNDY, J., STABILE, J., and FITZGERALD, J.[*]

CONCURRING STATEMENT BY MUNDY, J.:          **FILED JUNE 03, 2015**

I join the Majority's thoughtful memorandum in full.  I write separately to add these few remarks pertaining to Dr. Babb's counsel seemingly continuous disregard for our Rules of Appellate Procedure.

When this case was before this Court in 2012, Appellees filed a motion to dismiss Dr. Babb's appeal based on his violations of various Rules of Appellate Procedure.  These violations included the following.

> 12.   Dr. Babb failed to designate the record and properly prepare a reproduced record in accordance with Pa.R.A.P. 2154(a).
>
> 13.   Dr. Babb's reproduced record fails to comply with Pa. R.A.P. 2152.  Specifically, it fails to include

---

[*] Former Justice specially assigned to the Superior Court.

the relevant pleadings, i.e. the Motions for Summary Judgment at issue.

14. Perhaps more egregious, Dr. Babb's reproduced record contains over 1500 pages of documents which he filed contemporaneous with and as an "appendix" to his Memorandum of Law in Opposition to Appellees' Motions. Dr. Babb's multi-volume appendix was not attached to his Answers to the Motions, but was later filed with the trial court in several installments.

15. Although Pa.R.A.P. 2154(a) requires a designation of the record, Dr. Babb did not do so; instead, Dr. Babb's reproduced record includes items which are not of record and omits others that certainly should have been included, which are critical to this Court's review.

…

24. Dr. Babb['s brief] exceeded the page limitation established by Pa.R.A.P. 2135 which restricts principal briefs to seventy (70) pages.[1]

25. In addition, Dr. Babb's Statement of the Case does not conform to the requirements of Pa.R.A.P. 2117 ….

26. Dr. Babb has failed to state the form of the action; to identify the "Federal Court" involved in a previous proceeding; to identify the judge whose determination is under review; to condense his statement of facts, which is approximately forty (40) pages in length; and to briefly state the order under review.

---

[1] Rule 2135 was amended in 2013 to change the page limitation to a word limitation.

27. Dr. Babb also includes backdoor legal argument within his Statement of the Case in violation of Pa.R.A.P. 2117(b).

Appellees' Joint Motion to Quash and Dismiss Appeal, 1025 MDA 2011, 10/18/11, at ¶¶ 12-15, 24-27. However, in spite of these deficiencies, this Court concluded we were not hampered in our ability to conduct meaningful appellate review. **Babb v. Ctr. Cmty. Hosp.**, 47 A.3d 1214, 1230 n.14 (Pa. Super. 2012), *appeal denied*, 65 A.3d 412 (Pa. 2013).

As the Majority notes, in the instant appeal, Dr. Babb's counsel has again shown flagrant disregard for our Rules regarding appellate briefs and the reproduced record. The deficiencies in the instant appeal, as accurately summarized by the Majority, are as follows.

Dr. Babb's principal brief contains over 70 pages and incorporates an additional 17 pages from a previous brief filed in this Court, a copy of which he fails to provide to this Court in this appeal. Given the length of his principal brief, Dr. Babb failed to certify that it contained less than 14,000 words, as required under Pa.R.A.P. 2135(d). Dr. Babb's brief also fails to comply with Pa.R.A.P. 2117 (Statement of the Case), because his statement of the case is, *inter alia*, neither brief nor devoid of any argument. In fact, his statement of the case spans 53 pages, which includes citations to entire depositions and other lengthy documents in the reproduced record. The argument section of his brief, however, is short (less than 16 pages) and contains little citation to the record or legal authority, in violation of Pa.R.A.P. 2119.

Dr. Babb's reproduced record, which was filed in five volumes containing over 1500 pages and compiled in no particular order, does not contain a table of contents in violation of Pa.R.A.P 2174. The

> reproduced record also fails to comply with the requirements of Pa.R.A.P. 2152 and 2154 insofar as it does not include any relevant docket entries, pleadings or the summary judgment motion filed by Geisinger following remand to the trial court. Although the reproduced record is paginated, we have found instances were Dr. Babb repeats the same page number, such as 476a. Finally, Dr. Babb's reproduced record contains many excerpts or passages of notes of testimony that are not accompanied by any cover page indicating when or where the testimony was taken.

Majority Memorandum at 14-16.

Rule 2101 requires that all appellate briefs and reproduced records conform to our rules. Pa.R.A.P. 2101. Although Rule 2101 permits dismissal of an appeal for substantial defects in the same, the rule's text makes this a purely discretionary decision on the part of this Court. *See id.* (stating, "if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter **may** be … dismissed[]") (emphasis added). For the second time, this Court has admirably addressed the merits of Dr. Babb's appeal to the best of its ability, in spite of his repeated disregard for our rules. In fact, counsel for Dr. Babb repeated some of the same deficiencies in both appeals, despite our prior note of disapproval. *See generally Babb*, *supra*. I remind counsel for Dr. Babb that although the Court has now twice declined to dismiss his appeal, should there be a third appeal, the next panel may not be as generous as the first two.